| | |
|---|---|
| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| FORSYCH COUNTY | 2020 OCT 22 P 12: 22 |
| | File No. 20CVS4726 |

FILED
FORSYTH CO., C.S.C.
BY /s/ Galloway

BETTY GALLOWAY and GLENN SPIVEY )
)
Plaintiffs, )
)
vs. )
) **AMENDED COMPLAINT**
SARI M. RAJJOB; and SPEEDWAY, LLC, ) **Jury Trial Demanded**
)
)
Defendants. )
)
)

COMES NOW, Plaintiffs, Betty Galloway and Glenn Spivey, individuals (hereinafter "Plaintiff Galloway" and "Plaintiff Spivey," respectively), by and through their attorneys, pursuant to Rule 15 of the North Carolina Rules of Civil Procedure hereby complains and alleges against the Defendants Sari M. Rajjob (hereinafter "Defendant Rajjob"); and Speedway, LLC (hereinafter "Defendant Speedway") as follows:

## NATURE OF THE CASE

1. This action is brought by the unfortunate victims of a violent altercation seeking recompense from the violent attack that they suffered at the hands of Defendant Rajjob.

2. This action also seeks to redress the inadequate, unreasonable, and egregiously deficient security and training offered by Defendant Speedway.

3. This action also seeks to recover compensatory and punitive damages as a result of the intentional acts of Defendant Rajjob against Plaintiffs Galloway and Spivey.

## THE PARTIES, JURISDICTION, AND VENUE

4. Plaintiff Galloway is, and was at all times relevant hereto, a resident and citizen of Forsyth County, residing at 111 West Davidson Avenue, Winston-Salem, NC 27127.

5. Plaintiff Spivey is, and was at all times relevant hereto, a resident and citizen of Forsyth County, currently residing at 2067 K Court Avenue, Winston-Salem, NC 27105.

6. That Defendant Rajjob is, upon information and belief, a resident and citizen of Kingston, Pennsylvania.

7. That Defendant Rajjob, upon information and belief, is currently in the custody of the Forsyth County Sherriff's Office at the Forsyth County Law Enforcement Detention Center, located at 201 North Church Street, Winston-Salem, NC 27101.

8. That Defendant Speedway is a limited liability company organized under the laws of the State of Delaware, whose principal office is located at 500 Speedway Drive, Enon, OH 45323.

9. That the registered agent of Defendant Speedway is CT Corporation System, with a registered mailing address of 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

10. The underlying acts giving rise to the subject matter of this Complaint occurred in Forsyth County, North Carolina, and caused injury to person and property in the State of North Carolina.

11. Venue is proper in this district because Plaintiffs are residents of Forsyth County as required by N.C.G.S. § 1 – 82.

12. That this action is asserted against Defendant Rajjob and concerns injuries to persons within this State arising out of an act or omission within this State by Defendant Rajjob, such that this Honorable Court may obtain personal jurisdiction over Defendant Rajjob pursuant to N.C.G.S. § 1 – 75.4(3).

Case 1:20-cv-01030-LPA Document 3 Filed 11/17/20 Page 2 of 10

13. That this action is also asserted against Defendant Speedway, a foreign limited liability companies engaged in substantial activity within this State, and the subject matter of this Complaint arises out of acts or omissions within this State by the Defendants. Thus, jurisdiction is properly before this court pursuant to N.C.G.S. § 1 – 75.4.

14. All acts of negligence complained of herein were committed by members, agents, servants, and/or employees of one or more of the Defendants. Defendants are vicariously liable for the actions of all members, agents, servants, and/or employees under the doctrine of *respondeat superior*.

## JOINT AND SEVERAL LIABILITY OF ALL DEFENDANTS

15. The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

16. All Defendants are jointly and severally liable to Plaintiffs for all damages alleged herein since their negligent or wrongful acts and omissions, singularly or in combination, concurred or combined to produce, as a proximate cause, indivisible injuries to Plaintiffs.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

17. The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

18. That on or about Sunday, October 29, 2017, in the early morning hours, Plaintiffs visited the store operated by Defendant Speedway located at 3600 South Main Street, Winston-Salem, NC 27127.

19. That on or about Sunday, October 29, 2017 Defendant Rajjob visited the store operated by Defendant Speedway at the above-referenced location.

20. That while Plaintiffs were inside Defendant Speedway's store at the above-referenced location, Defendant Rajjob proceeded inside of the store.

21. That, upon information and belief, Defendant Rajjob left the store, went out to his car to pump gas, and then went back inside the store when the gas did not pump.

22. That after Defendant Rajjob went back into the store, Plaintiff Galloway overheard the female clerk, an employee/agent of Defendants Speedway, arguing with Defendant Rajjob over a certain amount of money.

23. That surveillance video from the store shows Defendant Rajjob going back out to his car, pulling out a semi-automatic weapon, then shooting towards the store.

24. That the surveillance video from the store further shows that Defendant Rajjob stopped shooting for a moment, came closer to the store, and shot more rounds into the store.

25. That Defendant Rajjob then proceeded to calmly get into his vehicle and drive away.

26. That upon information and belief, Defendant had only a few cameras at the store, none of which were pointed at the register or inside the store.

27. That Plaintiff Spivey was shot on the right side above his pelvis, clean through, and was treated for four to six hours at Baptist Hospital in Winston-Salem. Shortly thereafter, he was readmitted to the hospital due to pain and numbness.

28. That Plaintiff Galloway was shot in the side and in the back.

29. That at least one of the bullets that struck Plaintiff Galloway remain inside of her body, as attempting to remove them is so dangerous that it could possibly result in her death.

30. That at all times relevant hereto, Plaintiffs were acting in a prudent and reasonable manner, and in no way contributed to their injuries.

31. That as a direct and proximate result of Defendant Rajjob's intentional act, Plaintiffs have suffered serious and substantial injuries that will impair the remainder of their lives.

32. That as a direct and proximate result of the negligence of Defendants Speedway, Plaintiffs have suffered serious and substantial injuries that will impair the remainder of their lives.

33. That solely as a result of the aforementioned injuries, Plaintiffs have been forced to incur substantial medical expenses, and have suffered mental anguish, pain, suffering, loss of well-being, loss of enjoyment of life, and other serious and permanent injury.

## FIRST CAUSE OF ACTION
(Battery against Defendant Rajjob)

34. The preceding and foregoing paragraphs are incorporated by reference as if fully set forth herein.

35. That on or about October 29, 2017, at all times and locations referenced herein, Defendant Rajjob violently and intentionally attacked Plaintiffs with a semi-automatic weapon, causing offensive contact with the bodies of Plaintiffs.

36. That the above-mentioned occurrence was an intentional act of Defendant Rajjob.

37. That Defendant Rajjob's intentional act of shooting Plaintiffs was done in a harmful and offensive manner.

38. That Defendant Rajjob's intentional act of shooting Plaintiffs was done without Plaintiffs' consent.

39. That the above-mentioned act occurred without color of right, just cause, or provocation.

40. That as a result of the above-mentioned act, Plaintiffs were caused to sustain serious, severe, and permanent personal injuries.

41. That Plaintiffs did not contribute in any way to their injuries.

42. That Plaintiffs' injuries are a direct and proximal result of the acts of Defendant Rajjob.

43. That Plaintiffs are entitled to general, special, incidental, and consequential damages as Plaintiffs incurred medical, hospital, and future medical treatment as a result of Defendant Rajjob's act.

44. That the above-mentioned act was improper and illegal, and in doing so Defendant Rajjob acted with a willful, reckless, and wanton disregard of and indifference to the rights, safety, and lives of the Plaintiffs.

45. That Defendant Rajjob is therefore liable to the Plaintiffs, in addition to the other damages herein alleged, for punitive damages.

46. That by reason of the foregoing, the Plaintiffs were rendered sick, sore, lame, and disabled, and suffered pain and permanent injuries to various parts of their person, that they continue to be and will continue to be sick, sore, lame, and disabled and require medical treatment and attention for their injuries; and, they were unable and shall continue to be unable to continue their pursuits and activities as they had previously.

47. That as a proximate result of the foregoing, the Plaintiffs suffered damages and injuries, including but not limited to severe and serious personal injury, conscious anguish, pain and suffering, medical bills and expenses, loss of familial and social enjoyment and comfort, emotional pain and suffering, and other incidental and consequential damages, and the Plaintiffs have incurred the foregoing damages and injuries thereby.

48. That by reason of the foregoing, Plaintiffs have been damaged in a sum that exceeds the excess of $25,000.00, the exact amount later to be determined at trial.

## SECOND CAUSE OF ACTION
(Negligence against Defendant Speedway)

49. The preceding and foregoing paragraphs are incorporated by reference as if fully set forth herein.

50. Defendant owed a duty to Plaintiffs, and to the general public, to ensure that Speedway's agents and/or employees would perform their duties in such a way as to avoid placing Plaintiffs and other members of the public in unreasonable danger of serious injury or death.

51. Defendants breached these duties with regard to Plaintiffs in various ways including, but not limited to, the following:

    a. They failed to ensure that the above-referenced Speedway store had adequate security in place to ensure that the public was not harmed while on Defendant's property;

    b. They failed to ensure that the above-referenced Speedway store had established reasonable and appropriate policies to accomplish the mission of protecting and serving the public, including the Plaintiffs;

    c. They failed to ensure that the above-referenced Speedway store had established reasonable and appropriate polices to protect the public from injury or death on their property;

    d. They failed to ensure that the above-referenced Speedway adequately trained, supervised, instructed and/or monitored their employees;

    e. They failed to ensure that all Speedway personnel at the above-refenced store complied with existing policies and procedures with regard to its Code of Business Conduct online manual.[1]

---

[1] https://www.speedway.com/images/code_book_med.pdf

Case 2:20-cv-01030-DRoscuDocument 1-1ileFiled 11/17/2072 Page 8 of 28 of 10

    f. They were careless and negligent in such other ways as may be identified during the course of discovery and/or trial.

52. That as a result of the above-mentioned acts or omissions, Plaintiffs were caused to sustain serious, severe, and permanent personal injuries.

53. That Plaintiffs did not contribute in any way to their injuries.

54. That Plaintiffs' injuries are a direct and proximal of the negligent acts or omissions of Defendant Speedway.

55. That Plaintiffs are entitled to general, special, incidental, and consequential damages as Plaintiffs incurred medical, hospital, and future medical treatment as a result of the negligent acts or omissions of Defendant Speedway.

56. That by reason of the foregoing, the Plaintiffs were rendered sick, sore, lame, and disabled, and suffered pain and permanent injuries to various parts of their person, that they continue to be and will continue to be sick, sore, lame, and disabled and require medical treatment and attention for their injuries; and, they were unable and shall continue to be unable to continue their pursuits and activities as they had previously.

57. That as a proximate result of the foregoing, the Plaintiffs suffered damages and injuries, including but not limited to severe and serious personal injury, conscious anguish, pain and suffering, medical bills and expenses, loss of familial and social enjoyment and comfort, emotional pain and suffering, and other incidental and consequential damages, and the Plaintiffs have incurred the foregoing damages and injuries thereby.

58. That by reason of the foregoing, Plaintiffs have been damaged in a sum that exceeds the excess of $25,000.00, the exact amount later to be determined at trial.

### THIRD CAUSE OF ACTION:
Punitive Damages

59. The preceding and foregoing paragraphs are incorporated by reference as if fully set forth herein.

60. That on or about October 29, 2017, at all times and locations referenced herein, the actions of Defendant Rajjob were outrageous.

61. That the above-referenced actions were done in a deliberate, heinous, callous, malicious manner, and without regard for human safety.

62. That the above-referenced actions were done in a manner intended to murder or seriously injure.

63. That the above-referenced actions were done with an improper and evil motive, amounting to malice and spite.

64. That the above-referenced actions were done in conscious disregard of and reckless indifference to Plaintiffs' rights and well-being.

65. That as a result of the foregoing, Plaintiffs are therefore also entitled to an award of punitive damages against Defendant Rajjob under any and all laws, rules, and regulations.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectively pray for judgment against the above-named Defendants as follows:

1. That Plaintiffs have and recover of Defendants, jointly and severally, an amount in excess of $25,000.00 for the damages caused to Plaintiffs;

2. The Plaintiffs have and recover of Defendants, jointly and severally, an amount in excess of $25,000.00 for punitive and exemplary damages;

3. That all issues of fact be tried by a jury;

Case 2:20-cv-01330-DSC Document 1-1 Filed 1/17/20 Page 10 of 26

4. That Plaintiffs recover from Defendants, jointly and severally, the costs of this action and reasonable attorney's fees to the fullest extent allowed by the laws of North Carolina and the United States.

5. The Plaintiffs be granted all other relief, both legal and equitable, which the Court deems just and proper.

This the 22 day of October, 2020.

Joel G. Bowden
NC Bar No.: 6523
Senior Attorney for Plaintiff
The Law Offices of Joel G. Bowden
107 N. Murrow Blvd. Suite 300
Greensboro, NC 27401
Telephone: (336)274-2951
Fax: (336)275-8261

Jonathon L. Woodruff
Joel G. Bowden Law Offices, P.C.
107 North Murrow Blvd.
Greensboro, North Carolina 27401
Associate Attorney for Plaintiff
N.C. State Bar No 53672
Telephone: (336) 274 – 2951
Facsimile: (336) 275 – 8261