IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BETTY GALLOWAY and )
GLENN SPIVEY, )
 )
        Plaintiffs, )
 )
  v. ) 1:20CV1033
 )
SARI M. RAJJOB and )
SPEEDWAY, LLC, )
 )
        Defendants. )

**<u>ORDER</u>**

This matter is before this court for review of the Text Recommendation ("Recommendation") filed on February 17, 2021, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Text Recommendation filed Feb. 17, 2021.) In the Recommendation, the Magistrate Judge recommends that the court dismiss Defendant Sari M. Rajjob from this action without prejudice, pursuant to Federal Rule of Civil Procedure 4(m). The Recommendation was served on the parties to this action on February 18, 2021. (Doc. 14.) Plaintiffs filed a copy of an executed summons from the state court action, demonstrating post-removal service of process on Defendant Rajjob, (Doc. 15), which the court construes as an objection to the Recommendation. Defendant Speedway, LLC, responded to Plaintiffs' objections. (Doc. 18.)

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge . . . . or recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which the objections were made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation.

Dismissal of Defendant Rajjob, even without prejudice, is of concern to this court, particularly if, as Plaintiffs seem to suggest, he has been served with process. (See Doc. 15.) It may very well be, as Defendant argues, that "Plaintiffs' post-removal service of process fails to comply with 28 U.S.C. § 1448 or Rule 4 of the Federal Rules of Civil Procedure." (Doc. 18 at 4.) Nevertheless, because it is not clear what Plaintiffs intended by filing the summons as to Defendant Rajjob, (Doc. 15), this court will provide Plaintiffs an additional opportunity as set forth herein to explain the effect of the filing of the summons, if any.

On January 28, 2021, the Magistrate Judge entered his text order directing Plaintiffs, "on or before 02/04/2021, EITHER to file proof of service pursuant to Federal Rule of Civil Procedure 4(l)(1) as to Defendant Sari M. Rajjob, OR to show cause why Defendant Rajjob should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m)." (Text Order 01/28/2021.) Plaintiffs did not respond to the Text Order. On February 17, 2021, the Magistrate Judge found Plaintiffs did not comply with the Text Order and recommended dismissal of Defendant Rajjob without prejudice. (Text Recommendation 02/17/2021.) On February 19, 2021, Plaintiffs filed a state court summons as to Defendant Rajjob without a pleading or explanation of this action.

The summons is insufficient for several reasons. First, it was not accompanied by a brief or any explanation as to why the order of the Magistrate Judge was ignored, or why the summons should be considered by this court as to the Recommendation. While this court may "may . . . receive further evidence," 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), this court's "decision whether to consider additional evidence is committed to its discretion . . ." and "attempts to introduce new evidence after the magistrate judge has acted are disfavored." Caldwell v. Jackson, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010). "In

- 3 -

Case 1:20-cv-01033-WO-LPA   Document 20   Filed 04/05/21   Page 3 of 6

appropriate cases, however, the district court may exercise its discretion and accept further evidence when a party offers sufficient reasons for so doing." Id. Plaintiffs have not offered any reasoning to suggest why this court should consider the summons.

Two issues are troubling to this court. First, Plaintiffs obviously had the summons but failed to respond to the Magistrate Judge's order that they respond. Second, Plaintiffs filed the summons but without explanation as to why or how that summons should be considered by this court in ruling upon the Recommendation.

This court has conducted a de novo review of the Magistrate Judge's Text Recommendation and finds that the Recommendation should be adopted and this matter dismissed without prejudice as to Defendant Rajjob. Nevertheless, this court will take the matter under advisement for a period of twenty days. If Plaintiffs believe Defendant Rajjob has been served with process, or if Plaintiffs believe this court is in error in adopting the Recommendation, Plaintiffs shall file a brief, no longer than twelve pages in length, addressing three issues: (1) whether good cause exists for Plaintiffs' failure to comply with the order of the Magistrate Judge; (2) whether reasons exist to suggest this court should consider the summons filed as to

- 4 -

Defendant Rajjob, (Doc. 15), and (3) whether service has been perfected as to Defendant Rajjob and, if not, whether Defendant Rajjob has waived service of process. This court directs that Plaintiffs and Defendant Speedway, LLC, shall continue with discovery as set forth in the Report of the Parties' Planning Meeting, (Doc. 12), and the Text Order adopting that report as amended, (Text Order 02/17/2021).

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Text Recommendation is **ADOPTED**. This order is **STAYED** for a period of 20 days from the date of this order.

**IT IS FURTHER ORDERED** that Plaintiffs, if they wish the court consider the summons, (Doc. 15), as additional evidence before issuing a final ruling on the Recommendation, shall file a brief within twenty days of the entry of this order. The brief shall be no longer than twelve pages in length and shall address three issues: (1) whether good cause exists for Plaintiffs' failure to comply with the order of the Magistrate Judge; (2) whether reasons exist to suggest this court should consider the summons filed as to Defendant Rajjob, (Doc. 15), and (3) whether service has been perfected as to Defendant Rajjob and, if not, whether Defendant Rajjob has waived service of process.

This court **DIRECTS** Plaintiffs and Defendant Speedway, LLC, continue with discovery as set forth in the Report of the

Parties' Planning Meeting, (Doc. 12), and the Text Order adopting that report as amended, (Text Order 02/17/2020).

This the 5th day of April, 2021.

                              /s/ William L. Osteen, Jr.
                              United States District Judge